```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION
```

BOBBY JENKINS, NAOMI S. JENKINS, \*
NELLIE SHEPPARD, RILEY WILLIAMS,
VELMA R. MARTIN, and MARJORIE W. \*
GOINES,
                                       \*
      Plaintiffs,
                                       \*
vs.
                                       \*     CASE NO. 4:06-CV-43(CDL)

CAROL M. RAY, Chief Registrar of \*
Randolph County and Chair of the
Randolph County Board of           \*
Registrars; LORRAINE CURRY,
WINONA JOHNSON, MILDRED THORNTON \*
and MARGERETTA PEAK, members of
the Randolph County Board of        \*
Registrars; and LINDA JACKSON,
Probate Judge and Superintendent \*
of Elections of Randolph County,
Georgia,                                 \*

      Defendants                    \*

## O R D E R

    Plaintiffs have filed this action under Section Five of the Voting Rights Act, 42 U.S.C. § 1973c, challenging the Randolph County registrar's determination that Henry Cook, the incumbent chairman of the Randolph County Board of Education, does not reside in District 5, the district which he currently represents, and is therefore not qualified to seek reelection to the District 5 seat. Plaintiffs contend that this action by the Defendants is a voting change that should have been, but was not, precleared by the Justice Department when it precleared the present district boundaries in 2002. *See* 42 U.S.C. § 1973c (requiring preclearance for any change in a "standard, practice or procedure with respect to voting" made by a State or political subdivision covered by the Voting Rights Act).

This matter is to be heard by a three-judge panel in accordance with 28 U.S.C. § 2284.

Presently pending before the undersigned is Plaintiffs' Motion for a Temporary Restraining Order to maintain the status quo pending the three-judge panel's decision on the merits.  A single judge has the authority to decide this motion, and the undersigned held a hearing on the motion today.

The qualifying for the District 5 school district post is scheduled to begin on April 24, 2006 and end on April 28, 2006. Plaintiffs seek a temporary restraining order permitting Henry Cook to qualify during the qualifying period and also to extend the qualifying period until a determination has been made on the merits of Plaintiffs' claims.  Defendants do not object to an extension of the qualifying period.

Accordingly, it is hereby ordered that the qualifying period for District 5 of the Randolph County Board of Education shall begin as scheduled on April 24, 2006 and shall remain open until further order of the Court.  It is further ordered that Henry Cook shall be permitted to file his declaration of candidacy, pay the filing fee, and proceed with all other matters necessary to seek reelection to the District 5 post during the modified qualifying period.  By allowing Mr. Cook to file for qualification for this position, the Court is not making a determination at this time that he is a qualified elector from District 5 or that he is qualified to seek that post on the School Board.  His qualifying shall be subject to future disqualification depending upon the ruling of the three-judge panel on the merits.

The Court further orders the parties to submit to the Court by e-mail at columbus.ecf@gamd.uscourts.gov a joint proposed scheduling order on or before May 8, 2006.

IT IS SO ORDERED, this 21st day of April, 2006.

                                           S/Clay D. Land
                                                CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE