IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BOBBY JENKINS, NAOMI S. JENKINS,      *
NELLIE SHEPPARD, RILEY WILLIAMS,
VELMA R. MARTIN, and MARJORIE W.      *
GOINES,
                                      *
          Plaintiffs,
                                      *
vs.
                                      *    CASE NO. 4:06-CV-43(CDL)
CAROL M. RAY, Chief Registrar of
Randolph County and Chair of the      *
Randolph County Board of
Registrars; LORRAINE CURRY,           *
WINONA JOHNSON, MILDRED THORNTON
and MARGERETTA PEAK, members of       *
the Randolph County Board of
Registrars; and LINDA JACKSON,        *
Probate Judge and Superintendent
of Elections of Randolph County,      *
Georgia,
                                      *
          Defendants
_____       *

O R D E R

Before Judges Birch, Land and Royal

Per Curiam

     This case arises from a dispute over the Georgia General

Assembly's redistricting of the Randolph County Board of Education

following the 2000 census.  During the redistricting process, the

local and state elected officials attempted to assure that no

incumbent Board member would be "drawn out" of his district.  However,

the new district lines resulted in one incumbent Board member's

property being split into two districts:  Henry L. Cook, an African

American who had represented District 5 prior to the redistricting and

was chairman of the Board, ended up with his dwelling in new District

4 and his other contiguous property in new District 5.  Under the

redrawn districts, District 5 remained a predominantly minority district, and District 4 remained a predominately white district.

The first election after the redistricting was held in 2002. Prior to that election, the local election officials sent Cook a voter registration card indicating that he was an elector from District 5. Cook subsequently qualified to seek reelection to the District 5 post on the School Board. An opposing candidate challenged Cook's qualifications, contending that his dwelling was in District 4 and that under Georgia law one's dwelling determines residency for voting purposes. After the local election official disqualified herself from hearing the challenge, a Superior Court judge acted as the hearing officer. The judge, interpreting Georgia law, concluded that Cook was a qualified elector from District 5 and could seek reelection to that post. Cook was reelected as the District 5 representative on the School Board.

Prior to the upcoming 2006 election, the local election officials revisited the issue of Cook's residency. They concluded that their decision in 2002 that Cook was a resident of District 5 was a mistake and that he in fact resided in District 4 because that is where his dwelling is located. They therefore contend that they attempted to correct that mistake by assigning Cook to District 4.

Plaintiffs are African American electors in Randolph County and bring this lawsuit pursuant to the Voting Rights Act, challenging the local election officials' determination that Cook is not qualified to seek reelection as the District 5 representative on the Randolph County Board of Education. They argue that the assignment of Cook to District 4 is a change that requires preclearance by the U.S. Justice Department pursuant to Section 5 of the Voting Rights Act, 42 U.S.C.

2

§1973c. Plaintiffs seek injunctive relief enjoining the local officials from preventing Cook from qualifying for reelection to the District 5 Board position in the upcoming July 2006 election.

This Court has jurisdiction of this case which shall be heard by a three-judge panel. 28 U.S.C. §§ 1331, 1343(a)(3)-(4), 2201, 2284; 42 U.S.C. §1973j(f). Presently pending before the Court are Defendants' Motion to Dismiss based upon Plaintiffs' alleged lack of standing (Doc. 13), Defendants' Motion for Summary Judgment (Doc. 37), and Plaintiffs' cross Motion for Summary Judgment (Doc. 29). The three-judge panel held a hearing on May 31, 2006.

The issues to be decided by this Court are limited to: 1) whether these Plaintiffs have standing to bring this lawsuit; and 2) if they do have standing, whether the assignment of Cook to District 4 is a change in a "standard, practice or procedure with respect to voting" that requires preclearance under Section 5 of the Voting Rights Act.

For the reasons that follow, the Court finds that Plaintiffs have standing, and the Court therefore denies Defendants' Motion to Dismiss. The Court further finds that the assignment of Cook to District 4 is a change in a "standard, practice or procedure with respect to voting" that requires additional preclearance under 42 U.S.C. § 1973c. Consequently, Plaintiff' Motion for Summary Judgment is granted and Defendants' Motion for Summary Judgment is denied.

DISCUSSION

1. *Standing*

To establish standing, Plaintiffs must allege that they have suffered a concrete and particularized actual or threatened injury that is fairly traceable to Defendants' conduct and that the injury is likely to be redressed by a favorable ruling. *See United States*

3

*v. Hays,* 515 U.S. 737, 743 (1995); *see also DeJulio v. Georgia,* 290 F.3d 1291, 1296 (11th Cir. 2002). Plaintiffs, electors from Randolph County Georgia, contend that they have been injured because Defendants have made a change with respect to voting without having that change precleared by the Justice Department as required by Section 5 of the Voting Rights Act. They maintain that after the redistricting was precleared by the Justice Department in 2002, the local officials assigned Cook to District 5. He ran for election to that post, was elected, and has served as that representative for the past four years. Nothing has changed regarding the boundary lines during the last four years. Plaintiffs argue therefore that the most recent reassignment of Cook to District 4 deprives them (particularly the African American Plaintiffs who are electors from District 5) of the opportunity to reelect an experienced, effective, and proven candidate as their representative on the School Board. The Court finds that Plaintiffs have alleged sufficient facts to establish standing. Accordingly, Defendants' Motion to Dismiss is denied.

2.  *Summary Judgment Motions*

The parties agree that the facts in this case are not in serious dispute. Therefore, summary judgment is the proper procedural vehicle for resolving this case. The only issue for summary judgment is whether the assignment of Cook to District 4 is a change in a "standard, practice or procedure with respect to voting" that requires preclearance under Section 5 of the Voting Rights Act. Therefore, the Court must examine the scope of the plan that was precleared by the Justice Department in 2002. Plaintiffs contend that the 2002 preclearance required that Cook remain an elector in District 5. Defendants disagree, arguing that the boundary lines of the approved

4

maps clearly placed Cook outside of District 5. If the precleared redistricting plan required that Cook remain an elector in District 5, then there *was* a change to a voting practice or procedure when local officials reassigned Cook to District 4. *See Young v. Fordice*, 520 U.S. 273, 284 (1997) (noting that it is "clear that minor, as well as major, changes require preclearance").

In determining the scope of the 2002 preclearance, the Court is influenced by the Justice Department's interpretation of what was precleared. In its April 19, 2006 letter, the Justice Department articulated its views (1) that the 2002 preclearance was based on the Attorney General's understanding that Cook remained in District 5 under the new plan and (2) that Cook's reassignment to District 4 constitutes a change affecting voting. The Court defers to the Justice Department's interpretation and finds that the plan precleared in 2002 contemplated a requirement that Cook remain in District 5. *See McCain v. Lybrand*, 465 U.S. 236, 255-56 (1984) (relying on Justice Department's assessment of scope of preclearance in determining what plan was precleared); *see also Young v. Fordice*, 520 U.S. 273, 289-90 (1997) (same). The Court further finds that Cook's reassignment to District 4 is a change affecting voting. Therefore, preclearance of the change is required. Accordingly, Plaintiffs are entitled to summary judgment.

CONCLUSION

Defendants' Motion to Dismiss (Doc. 13) is denied. Plaintiffs' Motion for Summary Judgment (Doc. 29) is granted. Defendants' Motion for Summary Judgment (Doc. 37) is denied.

Defendants are hereby enjoined from further use of the changes at issue absent preclearance under Section 5.

5

IT IS SO ORDERED, this 5th day of June, 2006.

S/Stanley F. Birch, Jr.
Stanley F. Birch, Jr.
Judge, Eleventh Circuit Court of Appeals

S/Clay D. Land
Clay D. Land
Judge, U.S. District Court
Middle District of Georgia

S/C. Ashley Royal
C. Ashley Royal
Judge U.S. District Court
Middle District of Georgia