IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| BOBBY JENKINS, NAOMI S. JENKINS, NELLIE SHEPPARD, RILEY WILLIAMS, VELMA R. MARTIN, and MARJORIE W. GOINES, | * * * | |
| Plaintiffs, | * | |
| vs. | * | CASE NO. 4:06-CV-43(CDL) |
| CAROL M. RAY, Chief Registrar of Randolph County and Chair of the Randolph County Board of Registrars; LORRAINE CURRY, WINONA JOHNSON, MILDRED THORNTON and MARGERETTA PEAK, members of the Randolph County Board of Registrars; and LINDA JACKSON, Probate Judge and Superintendent of Elections of Randolph County, Georgia, | * * * * * * | |
| Defendants. | * | |

ORDER

Before Judges Birch, Land and Royal

Per Curiam

Presently pending before the Court is Plaintiffs' Motion to Hold Defendants in Contempt (Doc. 48). Plaintiffs allege that Defendants are in contempt of this Court's June 5, 2006 Order which "enjoined [Defendants] from further use of the [redistricting] changes at issue absent preclearance under Section 5 [of the Voting Rights Act]." (Order 5, June 5, 2006.) The "changes at issue" referred to in the Order consisted of the assignment of Henry L. Cook, an African

American member of the Randolph County Board of Education, to a new voting district subsequent to the redistricting of the Randolph County Board of Education by the Georgia General Assembly following the 2000 census. Mr. Cook, who prior to the redistricting was assigned to District 5, was reassigned to District 4 as a result of the redistricting. Plaintiffs maintained, and this Court agreed, that Mr. Cook could not be reassigned to District 4 unless the change was precleared with the United States Department of Justice under Section 5 of the Voting Rights Act. 42 U.S.C. § 1973c. Consequently, the Court entered an Order enjoining Defendants from enforcing the change, i.e., the reassignment, absent preclearance. Plaintiffs claim Defendants have violated that Order.

## CIVIL CONTEMPT STANDARD

A finding of civil contempt, which is a "willful disregard of the authority of this Court[,]" shall be made "only upon a showing that the alleged contempt is *clear* and *convincing*." *Ga. Power Co. v. NLRB,* --F.3d--, 2007 WL 1121357, at *3 (11th Cir. 2007) (citations omitted). "This burden of proof is more exacting than the 'preponderance of the evidence' standard but, unlike criminal contempt, does not require proof beyond a reasonable doubt." *Id.* (quoting *Jordan v. Wilson*, 851 F.2d 1290, 1292 (11th Cir. 1988)(per curiam)). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was *clear* and *unambiguous*; and (3) the alleged violator had the

2

ability to comply with the order." *Id.* (citation omitted) (emphasis in original).

"In determining whether a party is in contempt of a court order, the order is subject to reasonable interpretation, though it may not be expanded beyond the meaning of its terms absent notice and an opportunity to be heard." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (citation omitted). "[A]ny ambiguities or uncertainties in such a court order [must be construed] in a light favorable to the person charged with contempt." *Ga. Power Co.*, at *3 (citing *NBA Props., Inc. v. Gold*, 895 F.2d 30, 32 (1st Cir. 1990)). The focus in a civil contempt proceeding "is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." *Howard Johnson Co. v. Khimani,* 892 F.2d 1512, 1516 (11th Cir. 1990) (citation omitted).

## DISCUSSION

Plaintiffs contend that Defendants violated the Court's Order by (1) failing to issue a voter registration card to Mr. Cook in a timely manner reflecting his correct voting district as District 5, (2) failing to reflect his voting district as District 5 on the county and state voting records, and (3) requiring Mr. Cook to vote by provisional ballot in the November 2006 general election. Defendants respond that they have allowed Mr. Cook to vote as a voter of District 5, have authorized him to stand for election to the

3

School Board as the District 5 representative, and have not treated him in any way as a voter for District 4. Defendants acknowledge that they did not immediately issue Mr. Cook a permanent voter registration card for District 5 and that they required him to vote by provisional ballot in the November 2006 general election. Defendants explain, however, that the reason they did not issue Mr. Cook a permanent voter registration card was because their petition for preclearance was pending before the Department of Justice, and they were concerned that if they issued Mr. Cook a permanent voter registration card identifying Mr. Cook as a voter from District 5, that action would be inconsistent with their legal position taken before the Department of Justice that Mr. Cook should be considered a registered voter from District 4.

The issue for the Court is whether Defendants' conduct violated the Court's June 5, 2006 Order. That order "enjoined" Defendants from using the redistricting changes that reassigned Mr. Cook from District 5 to District 4, absent preclearance by the Department of Justice. In other words, Defendants were to treat Mr. Cook as if the redistricting changes that reassigned him from District 5 to District 4 had never occurred. The Order, however, did not specify the precise conduct that was prohibited or required, and the Court is mindful of the requirement that any uncertainties and ambiguities must be construed in favor of the persons alleged to have violated a court order. With this background, the Court evaluates Defendants' conduct in light of the Court Order.

4

The undisputed evidence establishes that Defendants allowed Mr. Cook to vote as an elector from District 5; they counted his ballot (although it was provisional) as a ballot for District 5; and they permitted Mr. Cook to qualify for the District 5 School Board representative position, to which he was elected. The record further reflects that they treated him for all practical purposes as a District 5 registered voter except that they did not issue him a voter registration card for District 5 until after the preclearance proceedings before the Department of Justice were completed. Plaintiffs have produced no evidence indicating how Defendants' failure to provide Mr. Cook with a permanent voter registration card pending the preclearance proceedings has deprived the Plaintiffs (or Mr. Cook) of any rights under the Voting Rights Act. Mr. Cook exercised his right to vote as a registered voter from District 5, and Plaintiffs were provided with the opportunity to elect him as the school board member representing District 5. To find that the delay in the issuance of a permanent voter registration card violated this Court's Order would be to place form over substance and add a requirement to the Court's Order that was not originally imposed.

## CONCLUSION

Construing any ambiguities and uncertainties in favor of Defendants as required in a contempt proceeding, the Court finds that Defendants have not violated the Court's June 5, 2006 Order.

Accordingly, Plaintiff's Motion to Hold Defendants in Contempt (Doc. 48) is denied.[1]

IT IS SO ORDERED, this 24th day of May, 2007.

S/Stanley F. Birch, Jr.
Stanley F. Birch, Jr.
Judge
Eleventh Circuit Court of Appeals

S/Clay D. Land
Clay D. Land
Judge, U.S. District Court
Middle District of Georgia

S/C. Ashley Royal
C. Ashley Royal
Judge, U.S. District Court
Middle District of Georgia

---

[1] The Court's finding that Defendants are not in civil contempt necessarily means that Plaintiffs have failed to carry the heavier burden regarding their allegations of criminal contempt.

6